RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 07 / 20 / 05
BY ⎯⎯⎯

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MATTHEW LABEE | DOCKET NO. 1:05 CV 1015 |
| | SECTION P |
| VS. | JUDGE DEE D. DRELL |
| ROBERT TAPIA, WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner **MATTHEW LABEE** ("Petitioner"). Petitioner is incarcerated at the Federal Prison Camp in Pollock, La. ("FPC Pollock").

By this action, Petitioner challenges the BOP interpretation of 18 U.S.C. 3624(b) which provides for sentence reduction credit for good behavior. Petitioner argues that the phrase "term of imprisonment" as used within the statute means the sentence imposed, rather than the amount of the sentence served. He asserts that this miscalculation results in his being awarded only 45 days annually instead of 54. [Doc. 1-1, p.4].

### Law and Analysis

The BOP may award inmates up to 54 days of good time credit annually pursuant to 28 C.F.R. § 523.20 and 18 U.S.C. § 3624(b). Petitioner complains the BOP is calculating his good time credit

1

based on "time served" rather than the sentence imposed.

Section 3624(b)(1) sets forth the provisions for calculating good time credit and states:

> (b) Credit toward service of sentence for satisfactory behavior.
> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's **term of imprisonment**, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the **term of imprisonment** shall be prorated and credited within the last six weeks of the sentence. [Footnote omitted; emphasis added.]

The BOP regulation which construes the Section 3624 is 28 C.F.R. § 523.20, which states:

> Pursuant to 18 U.S.C. 3624(b), as in effect for offenses committed on or after November 1, 1987 but before April 26, 1996, an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year. The amount to be awarded is also subject to disciplinary disallowance (see Tables 3 through 6 in § 541.13 of this chapter). Pursuant to 18 U.S.C. 3624(b), as in effect for offenses committed on or after April 26, 1996, the Bureau shall consider whether the inmate has earned, or is making satisfactory progress (see § 544.73(b) of this chapter) toward earning a General

2

Educational Development (GED) credential before awarding good conduct time credit.

(a) When considering good conduct time for an inmate serving a sentence for an offense committed on or after April 26, 1996, the Bureau shall award:

> (1) 54 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma; or
>
> (2) 42 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.

(b) The amount of good conduct time awarded for the year is also subject to disciplinary disallowance (see Tables 3 through 6 in § 541.13 of this chapter).

In Chevron, U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837, 842-844, 104 S.Ct. 2778 (1984), the court set forth a two part test to determine whether an agency's interpretation of the statute it administers is entitled to deference by the court: (1) first, examine the statute itself to determine whether "Congress has directly spoken to the precise question at issue," in such a way that "the intent of Congress is clear," and (2) if the answer is negative, as it would be when "the statute is silent or ambiguous," then decide whether the agency's interpretation "is based on a permissible construction of the statute."

The language of Section 3624(b)(1) does not make clear whether the sentence imposed or the time served should be used as the basis of proration; the meaning of "term of imprisonment," as used in section 3624(b), is ambiguous. Pacheco-Camacho v. Hood, 272 F.3d

3

1266, 1268 (9th Cir. 2001), cert. den., 535 U.S. 1105, 122 S.Ct. 2313 (2002). The BOP's interpretation in Section 523.20, that "term of imprisonment" means "time served," comports with the language of the statute, effectuates the statutory design, establishes a fair prorating scheme, enables inmates to calculate the time they must serve with reasonable certainty, and prevents certain inmates from earning GCT for time during which they were not incarcerated. Since the phrase is ambiguous, deference is given to the BOP's reasonable statutory interpretation of "term of imprisonment" to mean "time served." Pacheco-Camacho v. Hood, 272 F.3d at 1271 ("Because the BOP regulation in question, 28 C.F.R. § 523.20, was adopted through the notice-and-comment procedure, it is entitled to the full deference mandated by Chevron"). See also, O'Donald v. Johns, 402 F.3d 172, 174 (3rd Cir. 2005); Perez-Olivio v. Chavez, 394 F.3d 45, 51 (1st Cir. 2005); James v. Outlaw, 126 Fed.Appx. 758, 2005 WL 677769 (8th Cir. 2005); White v. Scibana, 390 F.3d 997, 1003 (7th Cir. 2004); Brown v. Hemingway, 2002 WL 31845147, 53 Fed. Appx. 338, 339 (6th Cir. 2002).

In Sample v. Morrison, 406 F.3d 310, 313 (5th Cir. 2005) the Fifth Circuit discussed, in dicta, the BOP's computation of good time credit under Section 3624(b):

> We disagree with Sample's contention that the "plain language" of 18 U.S.C. § 3624(b)(1) requires that his good time credit be computed in a manner that would award him "54 days" for each year of his "term of imprisonment" based on the "sentence actually imposed by the sentencing judge." It is plain from the statute that an inmate must

4

*earn* good time credit; the statute grants the BOP itself the power to determine whether or not, during a given year, the inmate has complied with institutional disciplinary rules. Good time credit thus is not awarded in advance, and any entitlement to such credit for future years is speculative at best. The statute also plainly states that a prisoner cannot earn any good time credit until he has *served* at least one year of his prison term. At that time, and thereafter "at the end of each year" of the inmate's prison term, he "may" be awarded "up to 54 days" of good time credit. The plain effect of such annual awards is to *reduce an inmate's prison term incrementally while he is serving it.* If this statutory language does not "plainly" support the BOP's computation method, then it is at worst ambiguous. If the statute is ambiguous, deference to the BOP's interpretation thereof is required by *Chevron*. At least two sister circuits have so held, and they have concluded that the BOP's interpretation was permissible. *See White v. Scibana*, 390 F.3d 997, 1002-03 (7th Cir.2004); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1270-71 (9th Cir.2003). We agree with the reasoning of *White* and *Pacheco-Camacho*. Accordingly, even if were to conclude that the case is ripe for review, we would affirm the judgment of the district court."

Following the Fifth Circuit's reasoning on this issue, the BOP's calculation of Petitioner's good time, using "time served" rather than his full "term of imprisonment", is reasonable and entitled to deference from this court. Therefore, Petitioner's habeas petition should be dismissed as meritless.

### Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Petitioner's Section 2241 habeas petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from

5

service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 30th day of July, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE